judgment of the court, on a re-hearing, was pronounced by
Preston, J.
The counsel of the defendant has presented a strong argument in support of his petition for a re-hearing. He quotes the rules of law as to damages resulting from the active or passive breaches of contract as those applicable to the case. In that case, the parties consider, in making the contract, the damages that may result from its breach.
The damages in this case do not arise ex contractu. On the contrary, the defendant eaused the cargo of hay belonging to the plaintiffs to be seized as his property, without any pei'son identifying the boat as his, and without knowing certainly that his agent had bought a cargo for him at all. He kept it from the plaintiffs for several months. He did not give it up until a trial was had. The jux'y no doubt concluded, as has been sti'enuously maintained in this court., that thei'e was no pretext for seizing or retaining it in the sheriff’s custody; and if so, his acts amount to a quasi-offence. The rules of law as to damages gi'owing out of quasi-offences are applicable to this case, and not those as to damages growing out of breaches of contracts. But even in this case, a jury should requix-e certain evidence as the basis of their verdict.
We certainly consider the damages assessed by the jury as high, and would not have assessed them so high on the wi'itten testimony, especially because thei'e is not that specific proof of the amount, which should have been furnished. But the court find themselves precisely in the situation of the late Supreme Court, in the case of Looney v. High, in which the court said: “ In a case like the present, it is extremely difficult to assess the sufferex-’s damages with any degree of correctness or precision, and those given by the jury appear to us very high ; but we have felt great reluctance to expose the parties to the trouble and expense of further litigation by remanding the case for a new trial. In acting on it we have found oux-selves without any certain criterion, and, therefore, have been compelled to coincide with the jui-y.” 13 L. R. 271.
In the case of Henry v. Dufilho, the coux't intimated that if a pax-ty bx-ing an ordinary suit without color of title, it might afford cause for damages. Surely, therefore, if he seize property as his own, without making proper investigations by which he would have ascertained the contrary, he is liable for damages; and these may be inci'eased if he pex-sists in continuing the suit and seizure beyond the time necessary to ascertain certainly that he was wrong in seizing it.
Re-hearing refused.